# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALEXIS FERGURSON<br><br>　　　　　　Plaintiff,<br>　v.<br><br>KANSAS CITY KANSAS PUBLIC SCHOOLS,<br>　　　　　　Defendant. | Case No.: 2:20-CV-02631 |

## COMPLAINT

COMES NOW, Plaintiff Alexis Ferguson ("Plaintiff"), for her Complaint against Defendant Kansas City Kansas Public Schools ("Defendant" or "School District"), as a result of Defendant's unlawful employment practices, alleges and states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331, 1337 and 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

2. The Court has jurisdiction over Defendant because the unlawful employment practices alleged in this Complaint were committed in Wyandotte County, Kansas, which lies within the District of Kansas.

3. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Wyandotte County, Kansas, which lies within the District of Kansas.

### PARTIES

4. Plaintiff is a female citizen of the United States, residing in the State of Kansas.

5. Defendant is a school district organized under the laws of Kansas and, at all relevant times, was authorized to conduct business in the State of Kansas and was doing business in the

State of Kansas. Defendant is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

6. Defendant conducts and/or maintains, and/or during all relevant times, conducted and/or maintained a place of business at 2010 N. 59th St., Kansas City, Wyandotte County, Kansas.

7. Defendant employed Plaintiff at Defendant's place of business at 2010 N. 59th St., Kansas City, Wyandotte County, Kansas from approximately September 14, 2014 until her termination on approximately April 24, 2019.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On or about October 7, 2019 Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Defendant on the basis of sex (pregnancy/gender) (attached as Exhibit A and incorporated herein by reference).

9. On or about September 14, 2020 the EEOC mailed to Plaintiff her Notice of Right to Sue (attached as Exhibit B and incorporated herein by reference), and this lawsuit was filed within 90 days of the EEOC mailing the Notice of Right to Sue.

10. The forgoing charge of discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties.

11. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## FACTUAL ALLEGATIONS

12. Defendant is a public school district.

13. On or about September 14, 2014 Plaintiff was placed by Defendant to perform work for Defendant at Defendant's place of business located at 2010 N. 59th St., Kansas City, Wyandotte County, Kansas.

14. Defendant designated Plaintiff as a "bus aid" and assigned her to the subdivision of the School District which controls the management of bus drivers.

15. In approximately July of 2017, Defendant promoted Plaintiff from a bus aid to a bus driver.

16. Plaintiff's primary job duties, as directed and assigned by Defendant, included among other things, driving busses of schoolchildren for the School District.

17. Plaintiff was not or did not know she was pregnant when she began working for the Defendant.

18. On or about July 10, 2017 Plaintiff learned that she had become pregnant.

19. On or about September 12, 2017 Plaintiff informed Defendant that she had become pregnant.

20. Plaintiff experienced complications due to her pregnancy which required her to miss work. Plaintiff's absence from work was covered by the provisions of the Family Medical Leave Act ("FMLA").

21. Plaintiff returned to work on or about April 24, 2018 and resumed full duty as a bus driver.

22. On or about July 10, 2018 Plaintiff learned that she had become pregnant again.

23. In approximately March 2019, Defendant informed Plaintiff that she was ineligible to receive the benefits of unpaid, job-protected leave under the FMLA due to the time she had taken in her first pregnancy.

24. Plaintiff provided Defendant with communications from her physician stating that she could not work due to pregnancy complications and sickness.

25. Within twelve days of returning to work, in March 2020, Defendant terminated Plaintiff's employment.

26. On information and belief, Plaintiff was terminated when other similarly situated School District employees, who had exhausted FMLA leave or who had negotiated extended FMLA leave, were retained.

27. Prior to informing Defendant that she was pregnant, Plaintiff had satisfactorily performed her job duties.

28. Throughout the course of her employment with Defendant, Plaintiff had not received any disciplinary action from Defendant.

29. Throughout the course of her employment with Defendant, Plaintiff had not received any counseling from Defendant related to work performance.

## COUNT I
### (Violation under the Title VII of the Civil Rights Act and/or the Pregnancy Discrimination Act)

30. The foregoing paragraphs are incorporated herein by reference.

31. Defendant employed Plaintiff from approximately September 14, 2014 until her termination on approximately April 24, 2019 at Defendant's place of business at 2010 N. 59th St., Wyandotte County, Kansas.

32. Plaintiff satisfactorily performed her job duties during her employment with Defendant.

33. During the course of her employment, Plaintiff informed Defendant that she was pregnant, and Defendant knew that she was pregnant.

34. After Plaintiff informed Defendant of her pregnancy, Defendant discriminated against Plaintiff based upon her pregnancy in violation of federal law by adversely altering the

terms, conditions and/or privileges of Plaintiff's employment and terminating Plaintiff's employment on or about April 24, 2019. Plaintiff's gender and/or pregnancy were a motivating and/or determining factor in Defendant's decision.

35. Plaintiff suffered intentional discrimination at the hands of Defendants during the course of her employment with Defendants, based upon her gender, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and/or The Pregnancy Discrimination Act.

36. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

37. As a further direct and proximate result of Defendant's actions and/or inactions, Plaintiff has suffered humiliation, embarrassment, emotional distress and mental anguish, and related compensatory damages.

38. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

39. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII and/or The Pregnancy Discrimination Act.

40. Defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of the Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and others from similar conduct in the future.

41. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for such damages, actual, nominal and punitive, as are fair and reasonable, for her reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all matters herein.

Respectfully Submitted,

BOYD KENTER THOMAS & PARRISH, LLC

*s/ Mark Parrish*
Mark E. Parrish        KS Bar No. 24073
221 W. Lexington, Suite 200
Independence, MO 64050
Telephone: (816) 471-4511
Facsimile:  (816) 471-8450
E-mail:  mparrish@bktplaw.com
E-mail:  bthomas@bktplaw.com
E-mail:  efumagalli@bktplaw.com

ATTORNEYS FOR PLAINTIFF